Tilghman C. J.
Bichard Dennis, the drawer of the bill of exchange which was indorsed by the defendant, being indebted on account to George Eddy and Co., put into their hands the bill with the defendant’s indorsement on it. Eddy and Co. directed their clerk not to enter any credit in their books to Dennis on account of this bill. They afterwards delivered the bill to Chancellor and Co., without their own indorsement, and took his written receipt and promise to pay them the amount, deducting five per cent, discount, upon advice of the acceptance of the bill. It was afterwards protested for non-acceptance and non-payment; but before advice of its fate was received, Eddy assigned the receipt of Chancellor, together with other property, to the plaintiff, as security for the payment of a debt of near 10,000 dollars due to the plaintiff' from Eddy and Co. A majority of the arbitrators were of opinion, that under these circumstances, the plaintiff did not receive the bill in the usual course of business, and was to be considered as standing in the place of Eddy and Co. and of course subject to any matter of defence, which the defendant might have set up, if the suit had been brought by Eddy and Co. against him. They were also of opinion, that Eddy and Co. did not take the bill as a •payment, but only for the purpose of receiving the money from the drawers and then placing it to the credit of Dennis. I cannot say that the arbitrators were wrong in this view of the matter, because at the time the plaintiff received his assignment from Eddy and Co. the bill was in the hands of Chancellor, and from the nature of the case, it never could come into the hands of the plaintiff- till after it was dishonored. The arbitrators were also of opinion, that if there had been no balance of account due from Dennis to Eddy and Co., the award ought to be in favor of the defendant. *336 But yet they declined entering into the account so minutely as to ascertain the exact balance, which the defendant wished them to do : but because it appeared in general, that there was some balance due, they made an award for the full amount of the bill of exchange. It appears to me in this *resPe°t they acted manifestly in contradiction to the principles they had before established. If the consideration of a bill may be inquired into, it is proper to inquire not only whether it fails in whole, but in part. The award in this case ought not to have been for the whole bill, unless the amount of the whole bill was due from Dennis to Eddy and Co. This could not be known without settling the account between them. As that was not done, there is no good foundation for the award. I am therefore of opinion that it should be set aside.
Yeates J.
(After stating the case.)
The only question which can arise in the case is, whether the bill passed from Eddy and Co. to the plaintiff in the common and ordinary course of trade? Because if it so passsed, the consideration of it is not inquirable into, from the nature of such negotiable paper and commercial usage. It is true the plaintiff does not appear to have known the grounds on which the bill was drawn, nor the original transaction between the parties. But it is equally true, that when the assignment was made to him, he knew from the terms of the receipt, that a conditional contract had been entered into with Chancellor and Co. respecting it, and that Eddy and Co. had not the absolute power over it, under these circumstances. They did not indorse the bill; they could not indorse it, as it had been delivered to Chancellor and Co., who had remitted it to England. The bill therefore did not go into the hands of the plaintiff in the usual course of business; and seems to me analogous to the case of a promissory note negotiated after it becomes due, which passes into the hands of the indorsee, subject to all the equity which subsisted between the original parties. The plaintiff then stands precisely on the same footing with Eddy, and is only entitled to the real balance as it stood between the latter and the drawer of the bill. By the express orders of Eddy, the bill was not credited in his books; and inasmuch as it had not been ascertained by the referees that Dennis is indebted to Eddy to the extent of the sum found due to the plaintiff, I am of opinion that their report should be set aside.
*Brackenridge J.
The truth of this case seems to be, as appears from the examination of the referees, *337 that accounts existed between Dennis and Eddy; and Dennis admitting that there might be a balance due to Eddy, gave him this bill payable in London, which might be honored, or might not; but if honored,was to be passed to the credit of Dennis. With this understanding of the parties, it was indorsed by Smith pro forma, in order to give it the appearance of negotiability; and doubtless had it been indorsed by Eddy to a party having no knowledge of this understanding, such an indorsee could not have been affected by it. But it was not in the hand of Eddy when assigned'to Evans the plaintiff inter alia; and the only evidence of his interest in it was a receipt from a third person (Chancellor,) for the bill, who was to collect payment of it at a commission, and which receipt purported the possibility that it might not be honored. This was therefore notice that it might be protested, inducing a presumption of what was the truth of the case, that it had been put into the hand of Eddy, and indorsed to him by Smith, as but a contingent acceptance and payment.
Under these circumstances I would consider the bill in the hand of the assignee the plaintiff, as subject to the same equity to which it was liable in the hands of Eddy himself, aud this was to any set-off of account with Dennis; which the referees have erred in not admitting. Let the report be therefore set aside.
Report set aside.
[Cited in 1 R,. 442.]